UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| MINNIE MCCORD, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 17-286-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| KENTUCKY EDUCATION | ) | **MEMORANDUM OPINION** |
| ASSOCIATION, et al., | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of the renewed motions to dismiss filed by Defendants Brooks, McComb and Fields, LLP ("BMF") and the Kentucky Education Association ("KEA"), and the subsequent motion to amend filed by Plaintiff Minnie McCord. [Record Nos. 20, 24, 26][1] For the reasons explained below, the defendants' renewed motions to dismiss will be granted, and the plaintiff's motion to amend will be denied.

---

[1] The plaintiff filed a response in opposition to the defendants' renewed motions to dismiss, and the defendants replied. [Record Nos. 31, 32, 34] The plaintiff then submitted two supplemental responses containing thirty-six exhibits. [Record Nos. 36, 40]. BMF moved to strike the supplemental responses because they were filed outside of the twenty-one day response deadline imposed by Local Rule 7.1, without seeking leave of court. [Record Nos. 35, 41] The plaintiff argues that the untimely responses should be considered because she is proceeding *pro se* without "the education to know or understand the rules," and that her failure to timely file her responses was excusable neglect in light of her medical diagnoses, including bipolar disorder and ADHD. [Record Nos. 36, 40] Although the Court generally construes *pro se* filings liberally, *see, e.g.*, *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999), the Sixth Circuit has noted that, "[when] a *pro se* litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)). The twenty-one day response deadline is easily understood, and McCord has not shown good cause or excusable neglect to justify her failure to comply with it. Fed. R. Civ. Pro. 6(b). Accordingly, BMF's motions to strike [Record Nos. 35, 41]

-1-

## I. FACTUAL AND PROCEDURAL BACKGROUND

Students accused former Fleming County High School teacher Minnie McCord of various improprieties involving sex, drugs, and alcohol in February 2014. [Record No. 15 ¶¶ 1, 2] The accusations led to criminal charges against McCord, and the Fleming County Board of Education terminated her employment on April 15, 2014. [*See id.* ¶¶ 6-7, 9, 12, 17, 44] McCord was ultimately acquitted of the criminal charges. [*Id.* ¶¶ 9, 12, 44]

McCord appealed the Fleming County Board of Education's termination decision, and sought legal assistance from the KEA under the Unified Legal Services Program. [*See* Record No. 24, p. 1; Record No. 15 ¶¶ 3-4] The KEA referred McCord to BMF, and BMF represented her in the administrative proceedings. [Record No. 24, p.1-2; Record No. 15 ¶¶ 3-4] The Fleming County Board of Education was represented by Robert L. Chenoweth. [*See* Record No. 15. ¶¶ 10, 19.] The parties ultimately settled the case, and McCord signed an Agreed Order. [*See* Record No. 15 ¶¶ 18, 31, 35, 42-44.] Then, McCord participated in a hearing before the Education Professional Standards Board ("EPSB") to address the status of her teaching license. [*See* Record No. 24, p. 1-2; Record No. 15 ¶¶ 3-4] McCord refused to sign the agreement BMF reached on her behalf, and BMF withdrew from representation. [*See* Record No. 15, ¶¶ 37, 39, 46, 48] McCord later voluntarily surrendered her teaching license. [*Id.* ¶ 38]

In light of her criminal acquittal, McCord believes that the administrative proceedings were an invasion of her privacy, and an abuse of administrative process. [Record No. 15 ¶¶

---

will be granted. In any event, the information provided in the supplemental filings would not alter the legal conclusions reached in this opinion.

17, 23, 31, 34, 35, 36, 40, 42, 43, 45, 47, 48, 50] She filed a lawsuit in this Court against the Fleming County Board of Education, various school officials, defense counsel Robert L. Chenoweth, and others on March 4, 2016, alleging constitutional violations under 42 U.S.C. § 1983. *See McCord v. Bd. of Educ. of Fleming Cty.*, 5: 16-cv-75-JMH, 2017 WL 1217170 (E.D. Ky. March, 31, 2017).[2] McCord filed a motion to amend her complaint in the course of that proceeding to add BMF, the KEA, and others as defendants, and to assert various constitutional and state law claims against them. Record No. 78, *McCord v. Bd. of Educ. of Fleming Cty.*, 5: 16-cv-75-JMH, 2017 WL 1217170 (E.D. Ky. March, 31, 2017). However, the Court dismissed the case for failure to state a claim, reasoning, in part, that McCord's § 1983 claims were barred by the applicable statute of limitations. *McCord*, 2017 WL 1217170 at *5. The Court then denied the motion to amend, concluding that amendment would be futile because McCord's only federal claims against BMF, the KEA, and the other defendants she sought to add arose under § 1983, and would similarly be time-barred. *Id.* at *6.

After her motion to amend was denied and her case was dismissed, McCord filed this action, asserting the claims she was unable to bring in the earlier proceeding, and dropping her explicit constitutional claims against BMF and the KEA. [Record No. 1] The defendants moved to dismiss the Complaint. [Record Nos. 8-9] However, McCord was permitted to amend her Complaint, and the motions to dismiss the original Complaint were dismissed as moot. [*See* Record Nos. 14-15.] The Amended Complaint asserts five claims against the

---

[2] When a party seeks to enforce a prior court decision, as the defendants seek to do here, taking judicial notice of the opinion "is not only proper, it is required." *Godbolo v. Cty. of Wayne*, 686 F. App'x 335, 340 (6th Cir. 2017) (citing *Getty Petroleum Mktg., Inc. v. Capital Terminal Co.*, 391 F.3d 312, 322 (1st Cir. 2004) (Lipez, J., concurring)).

defendants: (i) abuse of administrative process, (ii) negligence, (iii) breach of contract, (iv) tortious interference with a contract, and (v) intentional infliction of emotional distress.[3] [Record No. 15, p. 16-23] The defendants have filed renewed motions to dismiss the Amended Complaint. [Record Nos. 20, 24]

## II. STANDARD OF REVIEW

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations must raise the plaintiff's right to relief above the speculative level, *Twombly*, 550 U.S. at 555, and permit the Court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. While a complaint need not contain detailed factual allegations, it must contain more than an "unadorned, the defendant-unlawfully-harmed-me accusation." *Id.* "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action'" is insufficient. *Id.* (quoting *Twombly*, 550 U.S. at 555).

Although *pro se* plaintiffs are generally held to less stringent standards than represented parties, "[p]ro se pleadings are still subject to the plausibility standard of *Twombly* and *Iqbal*." *Holland v. Cty. of Macomb*, No. 16-2103, 2017 WL 3391653 (6th Cir. Mar. 17, 2017) (citing *Gunther v. Castineta*, 561 F. App'x 497, 499 (6th Cir. 2014)).

---

[3] The Amended Complaint also seeks punitive damages. [Record No. 15, p. 22] The Court construes this as a request for relief rather than an attempt to add a sixth cause of action.

## III. DISCUSSION

McCord alleges that this Court has jurisdiction over her claims for abuse of administrative process, negligence, breach of contract, tortious interference with a contract, and intentional infliction of emotional distress under 28 U.S.C. § 1332. [Record No. 15, p. 2, 16-23] However, 28 U.S.C. § 1332 only provides for jurisdiction when a suit is between "citizens of different states." The Amended Complaint does not allege that either defendant is diverse from McCord. BMF is a citizen of Kentucky. [Record No. 20, p. 7] Likewise, the KEA is a citizen of Kentucky. *See Wiek v. Bd. of Trustees of the Kentucky Teachers' Retirement Sys.*, 3: 15-cv-692-CRS, 2016 WL 7366097, *3 (W.D. Ky. Dec. 16, 2016). And it appears that McCord is also citizen of Kentucky. [Record No. 15, p. 1] As a result, diversity jurisdiction is not proper, and the Court does not have original jurisdiction over McCord's state law claims.

However, the Court may exercise supplemental jurisdiction over McCord's state law claims if the Amended Complaint contains at least one related claim that properly invokes this Court's original jurisdiction. *See* 28 U.S.C. § 1367(a). But the only claim that might plausibly do this is McCord's claim for abuse of administrative process, which alleges that BMF and the KEA "improperly used an administrative process" that resulted in her teaching certificates being "revoked under a 5th amendment right violation and Invasion of Privacy," and that BMF and the KEA intentionally delayed the proceedings to hide their alleged negligence and breach of contract.[4] [Record No. 15, p. 18]

---

[4] The Amended Complaint also states that McCord's fraud claim arises under Rule 9(b) of the Federal Rules of Civil Procedure. [*See* Record No. 15, p. 1.] However, Rule 9(b) sets forth the pleading requirements for a claim of fraud; it does not provide a substantive cause of action. Accordingly, this claim will be construed as a state law fraud claim.

McCord's abuse of administrative process claim could either be construed as a procedural due process claim under 42 U.S.C. § 1983, [*see* Record No. 24, p. 7 (offering this interpretation)], or a state law tort claim, *see Cherry v. Howie*, 191 F. Supp. 3d 707, 715-16 (W.D. Ky. 2016) (describing the elements of an abuse of process claim under Kentucky law). If it is a state tort claim, the Court does not have original jurisdiction over any of McCord's claims, and must dismiss this case. *See* Fed. R. Civ. P. 12(h)(3). If it is a claim under § 1983 the Court would have original federal question jurisdiction over it, and could exercise supplemental jurisdiction over McCord's related state law claims. *See* 28 U.S.C. §§ 1331, 1367(a). Accordingly, the Court will assume *arguendo* that McCord's abuse of administrative process claim is a federal claim arising under 42 U.S.C. § 1983.

However, construed in this way, McCord's abuse of administrative process claim is barred by the doctrine of collateral estoppel. [Record No. 24, p. 7] Collateral estoppel applies when: (i) the same issue was involved in the prior proceeding, (ii) the issue was actually litigated in the prior proceeding, (iii) determination of the issue was a critical and necessary part of the decision in the prior proceeding, and (iv) the prior forum provided the party against whom estoppel is to be asserted a full and fair opportunity to litigate the issue. *Georgia-Pac. Consumer Prod. LP v. Four-U-Packaging, Inc.*, 701 F.3d 1093, 1098-99 (6th Cir. 2012). "Mutuality between the parties is not required in defensive collateral estoppel cases so long as 'the plaintiff has had a full and fair opportunity to litigate the contested issue previously.'" *Id.* at 1098-99 (quoting *McAdoo v. Dallas Corp.*, 932 F.2d 522, 523 (6th Cir. 1991)).

In the prior proceeding, the Court held that McCord's claims under 42 U.S.C. § 1983 were time barred. *McCord*, 2017 WL 1217170 at *5. The Court then denied McCord's motion to add BMF and the KEA as defendants, because the only federal claims against them arose

under § 1983, and would be barred by the one-year statute of limitations. *Id.* at *6. Accordingly, the Court has already decided that any 42 U.S.C. § 1983 claim regarding the administrative proceedings would be barred by the applicable statute of limitations, and McCord is collaterally estopped from bringing a new § 1983 claim regarding those proceedings in this action. *See Georgia-Pac.*, 701 F.3d at 1098 ("Where a litigant brings repeated actions based upon the same operative facts, issue preclusion may still properly apply despite a change in legal theory or the 'cast of characters-defendants.'") (quoting *Randles v. Gregart*, 965 F.2d 90, 93 (6th Cir. 1992)).

As a result, McCord's abuse of administrative process claim will be dismissed. The Court thus lacks original jurisdiction over any of McCord's pending claims. Because the Court declines to exercise supplemental jurisdiction, *see* 28 U.S.C. § 1367(c), McCord's state law claims for negligence, breach of contract, tortious interference with a contract, and intentional infliction of emotional distress will be dismissed as well.

### C. The Plaintiff's Motion to Amend

After the defendants filed their renewed motions to dismiss, McCord filed a second motion to amend and tendered a Second Amended Complaint in which she categorized and itemized her claimed damages. [Record No. 26] Permitting such an amendment would not save McCord's Amended Complaint from dismissal. As a result, amendment would be futile, and McCord's motion to amend will be denied. *See Riverview Health Inst., LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010).

### IV. CONCLUSION

If McCord's abuse of administrative process claim is construed as a state law tort claim, dismissal for lack of jurisdiction is required. Fed. R. Civ. P. 12(h)(3). The only way to avoid

that result is by construing McCord's abuse of administrative process claim as a federal claim under 42 U.S.C. § 1983.  However, any such claim would be improper under the doctrine of collateral estoppel.  As a result, this Court does not have original jurisdiction over any of McCord's claims, and it declines to exercise supplemental jurisdiction.  Allowing McCord leave to amend her complaint would do nothing to change this result.  Accordingly, it is hereby

**ORDERED** as follows:

1.  The defendants' renewed motions to dismiss [Record Nos. 20, 24] are **GRANTED**.  This matter is dismissed, in its entirety, with prejudice.

2.  Defendant BMF's motions to strike [Record Nos. 35, 41] are **GRANTED**.

3.  The plaintiff's motion for leave to amend [Record No. 26] is **DENIED**.

This 7th day of November, 2017.

Signed By:
*Danny C. Reeves*  DCR
United States District Judge